IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN S. BARTH,<br><br>     Plaintiff,<br><br>     vs.<br><br>MABRY CARLTON RANCH, INC., et al.,<br><br>     Defendants. | CIVIL NO. 20-00104 JAO-KJM<br><br>ORDER (1) DENYING PLAINTIFF'S MOTION TO RECUSE AND REJECT MAGISTRATE RECOMMENDATION AND (2) ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT FOR IMPROPER VENUE AND DENY AS MOOT PLAINTIFF'S PENDING MOTIONS |

**ORDER (1) DENYING PLAINTIFF'S MOTION TO RECUSE
AND REJECT MAGISTRATE RECOMMENDATION AND
(2) ADOPTING FINDINGS AND RECOMMENDATION TO
DISMISS COMPLAINT FOR IMPROPER VENUE AND DENY
AS MOOT PLAINTIFF'S PENDING MOTIONS**

Pro se Plaintiff John S. Barth ("Plaintiff") objects to Magistrate Judge Kenneth J. Mansfield's Findings and Recommendation to Dismiss Complaint for Improper Venue and Deny as Moot Plaintiff's Pending Motions ("F&R"). He argues that Magistrate Judge Mansfield erred and should be disqualified. This matter shall be decided without a hearing pursuant to Local Rule 7.1(d). For the following reasons, the Court DENIES Plaintiff's Motion to Recuse and Reject Magistrate Recommendation, ECF No. 15, and ADOPTS the F&R. ECF No. 14.

BACKGROUND

Plaintiff commenced this action on March 5, 2020 and concurrently filed three motions: (1) Motion to File Under Seal; (2) Motion to File Under Seal Pursuant to False Claims Act (FCA) 31 U.S.C. § 3729; and (3) Motion to Request Discovery Assistance. ECF Nos. 2–4.

On April 9, 2020, Magistrate Judge Mansfield issued an Order to Show Cause Why Action Should Not be Dismissed or Transferred For Improper Venue ("OSC"). ECF No. 11. In response, Plaintiff argued that venue is proper pursuant to 28 U.S.C. § 1391(b)(2)–(3) and 18 U.S.C. § 1965(a)–(b) because an unbiased venue is necessary; venue should not lay where the subject crimes are widespread; convenience to Defendants is not a concern during discovery under seal, and is of little significance until trial; and Defendants have transacted affairs in this district because Hawaiʻi residents have made payments to Defendants' racketeering enterprise in taxes on property owned in Florida. ECF No. 12.

On May 7, 2020, Magistrate Judge Mansfield issued his F&R. ECF No. 14. He determined that: (1) venue is improper pursuant to § 1391(b)(2) because Plaintiff has not demonstrated "that a *substantial* part of the events or omissions giving rise to [his] claims occurred in Hawaii"; (2) venue is improper pursuant to § 1391(b)(3) because Plaintiff could have and in fact filed then withdrew this action in the U.S. District Court for the Middle District of Florida; (3) Plaintiff

failed to show that Defendants transacted substantial affairs in this district, as required by § 1965(a); that "this action appears to have little, if anything, to do with Hawaii"; and (4) § 1965(b) is inapplicable because it pertains to personal jurisdiction, not venue. *Id.* at 3–6. Because it appears that Plaintiff does not want this case transferred to the Middle District of Florida, Magistrate Judge Mansfield recommended dismissal versus transfer. *Id.* at 6–7.

On May 26, 2020, Plaintiff filed his Motion to Recuse and Reject Magistrate Recommendation. ECF No. 15. The Court treats the portion of the Motion challenging the F&R as an objection, and the balance of the arguments as a request to disqualify Magistrate Judge Mansfield.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*,

561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

## ANALYSIS

I. <u>Objection to F&R</u>

Plaintiff challenges the F&R on three grounds: (1) this action cannot be reasonably prosecuted in the Middle District of Florida because it involves state and federal judicial corruption there, and requires venue in another district; (2) because all federal districts, including Hawaiʻi, have residents who own real property in Florida, those residents pay property taxes supporting corrupt payments; the proceeds Defendants likely transferred to Hawaiʻi constitute a "substantial" part of the criminal proceeds of the subject racketeering enterprise; and (3) Magistrate Judge Mansfield's statements that "the corrupt Middle District of Florida is the only proper venue, prove that he seeks to obstruct prosecution in collusion with the defendants, likely in loyalty to pollical party or profession despite their corruption." ECF No. 15 at 1–2. None of these arguments support rejection of the F&R.

A. <u>Venue is Improper Under § 1391(b)</u>

Section 1391(b) does not provide a basis for venue in Hawaiʻi due to purported state and federal judicial corruption in the Middle District of Florida. In pertinent part, § 1391(b) authorizes civil actions to be brought in:

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(2)–(3). As explained by Magistrate Judge Mansfield, Plaintiff has not demonstrated that a *substantial part of the events* occurred here. Plaintiff contends that as real property owners in Florida, Hawai'i residents will pay about $108,360 in corrupt tax payments there and Defendants *likely* transferred a similar amount of proceeds to Hawai'i. ECF No. 15 at 1. This, according to Plaintiff, is a "sufficiently 'substantial' part of the criminal proceedings of the subject racketeering enterprise to constitute multiple felony crimes[.]" *Id.* However, the calculus he employs to arrive at that conclusion establishes otherwise: because "[n]on-residents are about 21% of the Florida population . . . Hawaii residents (0.43% of the US population) will pay about $108,360 of the corrupt payments in taxes there." *Id.* Plaintiff's reliance on these calculations is misplaced, as they tend to show that an *insignificant* part of the events, if any, occurred here. Consequently, Magistrate Judge Mansfield correctly concluded that venue is improper under § 1391(b)(2).

Magistrate Judge Mansfield also did not err in finding inapplicable § 1391(b)(3) because this action could have been—and in fact was—brought in the Middle District of Florida.

### B.  Venue is Improper Under § 1965

Section 1965 does not provide a basis for venue either.  Section 1965(a)—RICO's special venue provision—authorizes any civil enforcement action to be brought "in the district court of the United States for any district in which [a defendant] resides, is found, has an agent, or transacts his affairs."  18 U.S.C. § 1965(a).  "Transacts his affairs" requires "business of a substantial and continuous character."  *King v. Vesco*, 342 F. Supp. 120, 124 (N.D. Cal. 1972); *see also Taal v. St. Mary's Bank*, No. 5:19-CV-25, 2019 WL 8349005, at *5 (D. Vt. Dec. 10, 2019) ("Section 1965(a) 'requires that the affairs transacted in the district be substantial.'" (quoting *Corso v. Franz*, No. 16-CV-2384, 2018 WL 1513639, at *2 (E.D.N.Y. Mar. 27, 2018)); *Pincione v. D'Alfonso*, 506 F. App'x 22, 24 (2d Cir. 2012) (requiring business to "be substantial in character, so that there is some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district" (citations and quotations omitted)).  For the reasons stated above, Plaintiff has not demonstrated that Defendants' business transacted in Hawaiʻi is substantial.  His conclusory allegations regarding substantiality are deficient and unsupported.

Section 1965(b) does not govern venue. *See Zhai v. Stein Tree Servs. Inc.*, No. C 14-05641 WHA, 2015 WL 410529, at *1 (N.D. Cal. Jan. 30, 2015). Instead, it provides "for service of process upon RICO defendants residing outside the federal court's district when it is shown that 'the ends of justice' require it." *See Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986) (quoting 18 U.S.C. § 1965(b)). The imposition of nationwide service in RICO actions requires a court to "have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." *Id.* (citation omitted). Merely naming defendants in a RICO complaint does not subject them to § 1965(b). *See id.* Simply put, § 1965(b) does not establish venue in this district.

### C. Dismissal or Transfer

When venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013) (explaining that when venue is improper, "the case must be dismissed or transferred under § 1406(a)"). The Court enjoys discretion in electing to dismiss or transfer. *See King v. Russell*, 963 F.2d

7

1301, 1304 (9th Cir. 1992). Given that venue is improper, it was not erroneous for Magistrate Judge Mansfield to recommend dismissal versus transfer. Were he to recommend transfer of this case, he could only transfer it to a district in which the case could have been brought. That district, based on Plaintiff's allegations, is the Middle District of Florida. But Plaintiff opposes venue in that district due to purported corruption. Insofar as the proceedings are still in the earliest stages, and it would not be in the interest of justice to transfer, dismissal is appropriate.

    D.    Magistrate Judge Mansfield's Conduct

Plaintiff's accusation that Magistrate Judge Mansfield's determinations prove obstruction in collusion with Defendants, "likely in loyalty to political party or profession," is baseless. Magistrate Judge Mansfield's F&R is legally sound. That the recommendation is adverse to Plaintiff does not evidence, or even suggest, impropriety.

For the reasons stated herein, the Court rejects Plaintiff's objection and adopts the F&R.

II.    Motion to Recuse

Plaintiff's arguments overlap, but to the extent they can be separated, he asserts that Magistrate Judge Mansfield should be recused/disqualified due to his abuse of office, which includes his refusal to return fees or transfer venue and his collusion with Defendants. Because the Court adopts the F&R and dismisses this

action, the request for recusal/disqualification is DENIED as moot. Even if this were not the case, the Court would deny Plaintiff's request because he has not identified the legal authority he relies upon.[1]

## CONCLUSION

In accordance with the foregoing, the Court HEREBY DENIES Plaintiff's Motion to Recuse and Reject Magistrate Recommendation and ADOPTS Magistrate Judge Mansfield's Findings and Recommendation to Dismiss Complaint for Improper Venue and Deny as Moot Plaintiff's Pending Motions. This action is DISMISSED without prejudice and the pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, June 1, 2020.



Jill A. Otake
United States District Judge

CV NO. 20-00104 JAO-KJM; *Barth v. Mabry Carlton Ranch, Inc., et al.*; ORDER (1) DENYING PLAINTIFF'S MOTION TO RECUSE AND REJECT MAGISTRATE RECOMMENDATION AND (2) ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT FOR IMPROPER VENUE AND DENY AS MOOT PLAINTIFF'S PENDING MOTIONS

---

[1] The legal basis for the request determines the manner in which the request is handled.